UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY MUTUAL FIRE
INSURANCE COMPANY, LM
GENERAL INSURANCE COMPANY,
and SAFECO INSURANCE COMPANY
OF ILLINOIS

       Plaintiffs/Counter-Defendants,

v.

Civil Case No. 20-13170
Honorable Linda V. Parker

MAPLE MANOR NEURO CENTER INC.,
STELLA EVANGELISTA, and JOSE L.
EVANGELISTA,

       Defendants/Counter-Plaintiffs.

_____/

**OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS (ECF NO. 31) AND DENYING DEFENDANTS' MOTION TO AMEND (ECF NO. 33) AND MOTION TO ADD PARTIES (ECF NO. 34)**

This dispute arises from no-fault insurance benefits that Plaintiffs/Counter-Defendants (collectively, "Liberty Mutual") paid to Defendants/Counter-Plaintiffs (hereafter collectively, "Maple Manor") for the treatment of its insureds pursuant to Michigan's No-Fault Act. Liberty Mutual is an insurance company providing no-fault insurance coverage in Michigan. Defendants/Counter-Plaintiffs Stella Evangelista and Jose Evangelista own Maple Manor Neuro Center Inc. ("Neuro Center"). On December 2, 2020, Liberty Mutual filed a Complaint alleging that

Maple Manor engaged in a scheme to submit false and fraudulent medical records, bills, and invoices through interstate wires, which sought payment for treatment and services from an unlicensed healthcare provider. (ECF No. 1.) Liberty Mutual alleges that Maple Manor's conduct violates the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), and state law.

On January 10, 2022, this Court denied Maple Manor's motion to dismiss and held that Liberty Mutual had sufficiently pleaded its claims. (ECF No. 23.) Shortly thereafter, Maple Manor filed an Answer to the Complaint and Counterclaim alleging claims of (1) breach of contract (Count I), (2) declaratory judgment (Count II), and (3) abuse of process (Count III). (ECF Nos. 24, 25 ("corrected").) On February 4, 2020, Liberty Mutual filed a motion to dismiss Maple Manor's counterclaim, which the Court dismissed as moot because Maple Manor filed a First Amended Answer and Counterclaim as a matter of course, under Federal Rule of Civil Procedure 15(a)(1). (ECF No. 30.) In the First Amended Counterclaim, Maple Manor alleges claims of (1) breach of contract (Count I), (2) unjust enrichment (Count II), and (3) abuse of process (Count III). (*Id.*)

The matter is presently before the Court on Liberty Mutual's motion to dismiss Maple Manor's First Amended Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 31.) The motion is fully briefed. (ECF Nos.

32, 35.) Further, Maple Manor filed a motion to amend its counterclaim (ECF No. 33) and a "Motion to Add and/or Amend Parties and/or for Intervention of Necessary Parties" (ECF No. 34), which Liberty Mutual has responded to (ECF Nos. 36, 37). Maple Manor also filed a reply brief supporting its motion to amend its counterclaims. (ECF No. 38.) Finding the facts and legal arguments sufficiently presented in the parties' briefs, the Court is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Motion to Dismiss

**I.     Standard for Rule 12(b)(6) Motion**

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).

## II. Factual Background

Liberty Mutual is an insurance company authorized to conduct business in Michigan. (ECF No. 30 ¶¶ 2-5, at Pg ID 655.) Neuro Center, as an unlicensed billing agent, billed Liberty Mutual for treatment on behalf of the licensed medical providers, Maple Manor Rehab Center of Novi Inc. and Maple Manor

4

Rehabilitation Center LLC ("Maple Manor Provider Entities"). (*Id.* ¶ 1.) Nuero Center has no employees and does not render care or treatment to patients. (*Id.*) The Maple Manor Provider Entities are licensed skilled nursing facilities doing business in Michigan. (*Id.* ¶ 8, at Pg ID 656.)

"Maple Manor Provider Entities provided care and treatment to patients in the ordinary course in exchange for payment from [Liberty Mutual]." (*Id.* ¶ 8, at Pg ID 656.)[1] That was done "in direct and substantial reliance upon the fact that the Insurance Company Counter-Defendants would continue to make payments in exchange for the services provided to the patients." (*Id.* ¶ 11.) On November 13, 2020, Liberty Mutual requested via a demand email to "claw back" amounts paid for rendered care and treatment of patients. (*Id.* ¶ 13, at Pg ID 658.) The patients who had been in vehicle accidents "were statutorily and contractually entitled to recover no-fault personal protection insurance benefits from the [Liberty Mutual], pursuant to the provisions of the No-Fault Act, including 'allowable expense' benefits as defined in [Mich. Comp. Laws] §3107(1)(a) consisting of 'all

---

[1] ¶ 10 of the First Amended Counterclaim "intentionally omits" an allegation. (ECF No. 30 at Pg ID 657.) This is also done in ¶ 45 of First Amended Counterclaim. (ECF No. 30 at Pg ID 659.) However, in Maple Manor's response brief it states "The Maple Manor Provider Entities sent invoices for the care provided to the patients involved in this lawsuit, and, upon receipt of invoices for the care of these patients, [Liberty Mutual] made payments to the Maple Manor Provider Entities in direct exchange for the services provided to the patients by the Maple Manor Provider Entities. ¶ 10[.]" (ECF No. 32 at Pg ID 909.) It is not clear why Maple Manor has omitted these allegations.

5

reasonable charges incurred for reasonably necessary products, services, and accommodations for an injured person's care, recovery or rehabilitation.'" (*Id.* ¶ 17, at Pg ID 659.)

Manor Neuro, on behalf of the Maple Manor Provider Entities, sent medical bills for the care provided and in return, Liberty Mutual paid the claims. (*Id.* ¶¶ 62, 63, at Pg ID 673-74.) Liberty Mutual "received substantial benefits from the Maple Manor Provider Entities" as they have already paid for all the care rendered to the patients. (*Id.* ¶ 64, Pg ID 674.) "Substantial inequity will result if the [Liberty Mutual], . . . [is] allowed to 'claw back' payments for these substantial benefits —and accordingly, the law implies a contract to prevent this exact type of unjust enrichment." (*Id.* ¶ 65.)

Maple Manor asserts that Liberty Mutual, in concert with their counsel, have allegedly filed this lawsuit to harass, annoy, embarrass, oppress, intimidate and/or cause undue burden or expense to medical providers. (*Id.* ¶¶ 80-87, at Pg ID 675-80.)

### III. Law and Analysis

As an initial matter, the Court finds Defendants' motions to be vexatious and restatements of previously rejected claims. For instance, Maple Manor's counterclaims contain allegations that are verbatim to a complaint the Court rejected and dismissed in Maple Manor's previously filed lawsuit. *See Maple*

6

*Manor Neuro Center Inc. v. Liberty Mutual Fire Insurance Company, et al.*, 20-cv-13288-LVP-KGA (E.D. Mich. 2020) (*see id*. ECF No. 21 dismissing the lawsuit with prejudice on December 23, 2021).

Further, Liberty Mutual argues that Maple Manor has improperly attempted to assert claims for non-parties as its counterclaim and seeks relief on behalf of entities that are not parties to this litigation, namely the Maple Manor Provider Entities. (ECF No. 31 at Pg ID 884-85.) Liberty Mutual argues that "[i]t is not appropriate or even possible for the Court to grant relief or adjudicate rights related to these non-parties." (ECF No. 31 at Pg ID 885.) Further, Liberty Mutual explains that Federal Rule of Civil Procedure 13 allows counterclaims against "opposing parties." (*Id*. (citing *Kwik-Sew Pattern Co. v. Gendron*, 2008 WL 4960160, at *2 (W.D. Mich. Nov. 19, 2008) (holding that a counter-plaintiff's counterclaims against plaintiff's counsel and their law firm "[was] improper because they are not parties to this litigation . . . .") Here, the situation is dissimilar as Maple Manor is not attempting to assert claims against some party that is not a party to this litigation, rather they attempt to plead facts in its counterclaim concerning the Maple Manor Provider Entities who are not parties to the lawsuit. However, the Court will separately address whether these parties can intervene later in the analyses.

### A. Breach of Contract

Maple Manor alleges a breach of contract claim. (ECF No. 30 ¶¶ 41-60, at Pg ID 668-73.) The Court need not spend much time here. Under Michigan law, to establish a claim for breach of contract, a plaintiff must show the following: "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." *AFT Michigan v. Michigan*, 846 N.W.2d 583, 590 (Mich. Ct. App. 2014), *aff'd sub nom. AFT Michigan v. State of Michigan*, 866 N.W.2d 782 (Mich. 2015) (citation omitted).

Maple Manor alleges that "in breach of the parties' previously exchanged medical billings, remittances, explanation of benefits, and corresponding payments by [Liberty Mutual], [Liberty Mutual] sought to 'claw back' various amounts that were previously negotiated, reviewed, adjusted, agreed, acquiesced, waived, ratified, settled and voluntarily paid for relating to the charges of various [p]atients, the care and treatment . . . ." (ECF No. 30 ¶ 48, at Pg ID 669-70.) Further, Maple Manor alleges that the "substantial medical billings, remittances, explanation of benefits, and corresponding payments by [Liberty Mutual] were exchanged, constituting a contract between the Maple Manor Provider Entities and [Liberty Mutual]." (*Id.* ¶ 47, at Pg ID 669.)

8

The Court agrees with Liberty Mutual that these referenced documents exchanged between Liberty Mutual and the "Maple Manor Provider Entities" or Neuro Center do not constitute a contract. In response to Liberty Mutual's motion, Maple Manor fails to articulate how the allegations create a contract except by arguing that Liberty Mutual has "already reviewed, negotiated, adjusted, agreed, acquiesced, waived, ratified, settled and paid for charges for all of the Patients." (ECF No. 32 at Pg ID 910.) Without asserting any legal argument or authority, Maple Manor astonishingly argues that their counterclaims "easily sets forth a detailed claim for breach of contract under Michigan law.[2]" (*Id.*)

Moreover, a court in this district explicitly held that no contract exists between a medical provider and a no-fault insurer arising from the provider allegedly providing services to an insured patient. *Nurse Notes, Inc. v. Allstate Ins. Co.*, 2012 WL 954751, at *3 (E.D. Mich. Mar. 21, 2012) (noting that the medical provider did not have a contract with a no-fault insurer to provide services; instead, the agreement was between the insured driver and the no-fault insurer.) Likewise, the patients had a contractual relationship with Liberty Mutual, and Liberty Mutual

---

[2] The Sixth Circuit has advised "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Crozier*, 259 F.3d 503, 517 (6th Cir. 2001) (quoting *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999)).

had neither a contractual relationship with the provider nor even an ability to control which medical provider its insured drivers chose.

Further, regarding the element that "the party asserting breach of contract suffered damages as a result of the breach," Maple Manor concedes that Liberty Mutual already paid the charges for the patients at issue in the counterclaim. Hence, there is no injury or damage suffered. Even if the Court were to allow Maple Manor to amend its Counter Complaint to allege an anticipatory breach, which it will not, Liberty Mutual still fails to allege the existence of a valid contract between the parties. As such, the Court dismisses this claim with prejudice.

### B. Unjust Enrichment

Maple Manor alleges an unjust enrichment claim. (ECF No. 30 ¶¶ 61-65, at Pg ID 673-75.) The defendants base their claim for unjust enrichment on Liberty Mutual receiving the benefit of medical services rendered to its insured, for which Liberty Mutual now seeks reimbursement. In other words, Maple Manor attempts to apply the doctrine of unjust enrichment as a prospective cause of action before any injustice has arisen. They argue that it would be inequitable for them to be required to pay damages should Liberty Mutual prevail in its claims against them. (*Id.*) However, this offensive posture is inappropriate for an unjust enrichment claim, where a party has not yet been enriched. The Court agrees that Maple

Manor must continue to defend its claims in the lawsuit, but the possibility that it could lose is not a basis for unjust enrichment.

Under Michigan law, "to sustain a claim of quantum meruit or unjust enrichment, a plaintiff must establish (1) the receipt of a benefit by the defendant from the plaintiff; and (2) an inequity resulting to the plaintiff because of the retention of the benefit by the defendant." *Morris Pumps v. Centerline Piping, Inc.*, 729 N.W.2d 898, 904 (Mich. Ct. App. 2006) (citing *Barber v. SMH (US), Inc.*, 509 N.W.2d 791, 796 (Mich. Ct. App. 1993)). Maple Manor has not alleged a receipt of any benefit by Liberty Mutual from Maple Manor. As such, the Court dismisses this claim as well.

### C. Abuse of Process

Maple Manor alleges an abuse of process claim. (ECF No. 30 ¶¶ 79-89, at Pg ID 675-80.) "Abuse of process is the wrongful use of process of a court." *Reffitt v. Mantese*, No. 346471, 2019 WL 5204542, at *5 (Mich. Ct. App. Oct. 15, 2019) (quoting *Lawrence v. Burdi*, 314 Mich. App. 203, 211; 886 N.W.2d 748 (2016). In Michigan, to state a claim for abuse of process, "a plaintiff must plead and prove (1) an ulterior purpose and (2) an act in the use of process which is improper in the regular prosecution of the proceeding." *Friedman v. Dozorc*, 312 N.W.2d 585, 594 (Mich.1981) (citing *Spear v. Pendill*, 130 N.W. 343 (Mich. 1911); *see also Boladian v. Thennisch*, No. 324737, 2016 WL 1445314, at *4

11

(Mich. Ct. App. Apr. 12, 2016) (noting that the ulterior purpose "must be more than harassment, defamation, exposure to excessive litigation costs, or even coercion to discontinue business.")

In response to the motion to dismiss, Maple Manor states that Liberty Mutual acted in concert with their attorney to file this lawsuit with the ulterior purpose of using the federal RICO action against them "to leverage lower payouts for medical treatment of injured motorists; to force Plaintiffs to settle in order to avoid costly discovery proceedings; to force Plaintiffs to pay back and refund [Liberty Mutual] valid medical bills that were previously adjusted, approved and paid; to force Plaintiffs to settle in order to avoid wrongful and defamatory RICO allegations against Plaintiffs; and/or to harass, annoy, embarrass, oppress, intimidate and/or cause undue burden or expense to Plaintiffs[.]" (ECF No. 32 at Pg ID 914). The Court has already determined that Maple Manor's defamation claim lacks merit. (*See Maple Manor Neuro Center Inc.*, 20-cv-13288-LVP-KGA).

Liberty Mutual argues "to make a proper claim for abuse of process, the defendants must allege that Liberty Mutual did more than cause a summons and complaint to be issued." (ECF No. 31 at Pg ID 893) (citing *State Farm Fire & Cas. Co. v. Allied & Assocs.*, 860 F. Supp. 2d 432, 446 (E.D. Mich. 2012).) The

12

Court agrees. Nothing on the record amounts to an abuse of process. As such, this is also dismissed.

## Motion to Amend and to Add Parties

### I. Standard for Motion to Amend and to Add Parties

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). The United States Supreme Court has advised that a plaintiff should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, the Court further instructed that a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*.

A plaintiff's repeated failure to cure deficiencies by amendments previously allowed also is grounds for denying the plaintiff an opportunity to file yet another amended complaint. *Id*. An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to

13

amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citation and quotation marks omitted). A court also should consider whether the amendment will require the opposing party "to expend significant additional resources to conduct discovery and prepare for trial" or whether it will "significantly delay the resolution of the dispute," as either effect constitutes prejudice. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

## II. Law and Analysis

Liberty Mutual argues that Maple Manor has caused undue delay, significant cost, and prejudice to Liberty Mutual. (ECF No. 35 at Pg ID 1188) Since the inception of this litigation between Maple Manor and Liberty Mutual, well over a year ago, Maple Manor has made at least six (6) unsuccessful attempts to make claims against Liberty Mutual, and they now attempt to amend its complaint again to allege claims of breach and anticipatory breach. (*See* ECF No. 33-1.)

Further, Maple Manor filed a "Motion to Add and/or Amend Parties and/or for Intervention of Necessary Parties." (ECF No. 34.) The motion to add parties proposes adding the Maple Manor Provider Entities. As an initial matter, it is not clear from the motion whether Maple Manor seeks to have the additional parties added as defendants to Liberty Mutual's claims, as counterclaimants to the first amended counterclaim already filed (*see* ECF No. 30), or as counterclaimants to

14

the proposed second amended counterclaim which they have sought leave to file (*see* ECF No. 33). Maple Manor fails to file a reply brief or to clarify.

Federal Rule of Civil Procedure 24(a) provides that a court must permit intervention by anyone who has been given an unconditional right to intervene by a federal statute. Rule 24(a) provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24. A motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). The Sixth Circuit interprets Rule 24(a) as setting forth four elements that must be satisfied before intervention as of right will be granted:

> (1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court.

15

*Stupak-Thrall v. Glickman*, 226 F.3d 467, 471 (6th Cir. 2000) (quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir.1997)); *see also Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 343 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)).  Importantly, "[f]ailure to meet any one of the four criteria will require that the motion to intervene be denied." *Stupak-Thrall*, 226 F.3d at 471 (brackets omitted) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *see also Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011) (providing that "[e]ach of these elements is mandatory, and therefore failure to satisfy any one of the elements will defeat intervention under the Rule.").

Maple Manor asserts that the Court "must" grant its motion to add parties yet fails to proffer a single argument as to why the request for an intervention is timely.  (*See* ECF No. 34.)  The determination of whether a motion to intervene is timely "should be evaluated in the context of all relevant circumstances." *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990).  The Sixth Circuit has identified several factors relevant to the court's evaluation:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual

16

>                circumstances militating against or in favor of intervention.

*Id.* The Court finds that Maple Manor's motions (ECF Nos. 33, 34) are untimely, prejudicial, and futile.

Regarding untimeliness, Liberty Mutual argues that this litigation "has been pending for well-over a year and . . . [n]ever in the course of any of these proceedings have the defendants suggested that these proposed additional parties have an interest that requires intervention . . . ." (ECF No. 37 at Pg ID 1236-37.) The Court agrees. With the length of time preceding the motion to intervene, which has been more than a year, the proposed parties should have known of their interest in this case. Additionally, "the point to which the suit ha[s] progressed," including "rul[ing] on dispositive motions," weighs in favor of denial of intervention. *See In re Auto. Parts Antitrust Litig., End-Payor Actions*, 33 F.4th 894, 901 (6th Cir. 2022). After a plethora of motions filed in this case, including the Court's order denying Maple Manor's motion to dismiss (ECF No. 23), combined with the length of time that has passed, this case has progressed to a point that makes intervention untimely. Moreover, intervention of additional parties would be futile due to the lack of merit on Maple Manor's breach of contract, unjust enrichment, and abuse of process claims as the Court discussed.

Maple Manor argues that the Court should grant yet another motion to amend "unless the amendment sought would result in undue prejudice to the

17

opposing party in the form of undue delay, significant prejudice, bad faith, or futility." (ECF No. 33, at Pg ID 921) (citing *Crestwood Farm Bloodstock v. Everest Stables, Inc.*, 751 F.3d 434, 444 (6th Cir. 2014)). The Court agrees with Liberty Mutual that granting the motion to amend would cause significant prejudice. Liberty Mutual has already exhausted much of its resources to respond to a litany of filings from Maple Manor, including responding to futile claims that this court has already dismissed. Any further amendments will significantly delay the litigation. As such, the Court denies Defendants' motions.

Further, the Court is troubled by the assertion that Maple Manor failed to confer with Liberty Mutual before filing its motions. (ECF No. 36 at Pg ID 1207-08.) Moreover, Eastern District of Michigan Local Rule 7.1 requires parties to seek concurrence before filing a motion. E.D. Mich. LR 7.1(a). If concurrence is not obtained, the motion must reflect:

> A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought;
>
> (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference; or
>
> (C) concurrence in this motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding pro se.

18

E.D. Mich. LR 7.1(a)(2). Maple Manor's motion to amend merely reflects that "Plaintiff sought concurrence and no response was received." (ECF No. 33 at Pg ID 919.) The motion to add parties fails to include a statement of concurrence and should have been stricken from the record for this failure. This conduct fails to satisfy the rule's requirements.[3] It does not inform the Court of how or when the request to opposing counsel was made before the motion's filing to assess whether reasonable efforts were made to obtain concurrence.

Liberty Mutual alleges that Maple Manor's "counsel sent an email regarding this motion at 7:03 p.m. on March 18, 2022, which was a Friday evening, and

---

[3] As one judge in this District has explained:

> The local rule contemplates an actual meeting with a date, time, and place—whether by telephone, videoconference, or (if counsel's location permits) preferably face-to-face. An old-fashioned chat over coffee might prove especially productive. Real-time interaction often provides the best forum for hashing out disputes, whereas a faceless exchange of carefully worded and often pointed emails usually solves little except perhaps providing a false moment of triumph to the person pressing the 'send' button.

*Shehee v. Saginaw Cnty.*, No. 13-13761, 2014 WL 12604850, at *1 (E.D. Mich. Nov. 19, 2014) (brackets in original). Acknowledging that it is sometimes difficult for counsel to expeditiously confer, the court in *Shehee* observed that the rule, in that instance, allows the movant to explain the efforts to confer with his or her opponent. However, as the Court further observed, "those efforts must be 'reasonable,' and the explanation must be complete." *Id*. There must be "meaningful, *good faith* compliance with the rule." *Id*. (emphasis added)

19

promptly filed the motion that same evening at 8:30 p.m. before counsel for Liberty Mutual ever had an opportunity to even read the email, let alone respond to it." (ECF No. 36 at Pg ID 1207; Ex. A, ECF No. 36-1.)

## VI. Conclusion

For the reasons set forth above, the Court holds that Maple Manor fails to state claims in its counterclaim and that any further amendment is futile, prejudicial, and untimely. Further, Maple Manor failed to comply with Local Rule 7.1(a)(2), which is grounds for striking its motions

Accordingly,

**IT IS ORDERED**, that Liberty Mutual's motion to dismiss the counterclaim (ECF No. 31) is **GRANTED;**

**IT IS FURTHER ORDERED** that Maple Manor's motions (ECF Nos. 33, 34.) are **DENIED**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 20, 2022