UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LIBERTY MUTUAL FIRE
INSURANCE COMPANY;
LM GENERAL INSURANCE
COMPANY; and
SAFECO INSURANCE
COMPANY OF ILLINOIS,

        Plaintiffs,

v.

MAPLE MANOR NEURO CENTER
INC.; STELLA EVANGELISTA, M.D.;
and JOSE L. EVANGELISTA, M.D.,

        Defendants.
_____/

Civil Case No. 20-13170
Honorable Linda V. Parker

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION (ECF NO. 62)

This dispute arises from no-fault insurance benefits that Plaintiffs (collectively, "Liberty Mutual") paid to Defendants (collectively, "Maple Manor") for the treatment of its insureds pursuant to Michigan's No-Fault Act. Plaintiffs are insurance companies providing no-fault insurance coverage in Michigan. Defendants Stella Evangelista and Jose Evangelista own Maple Manor Neuro Center Inc. On December 2, 2020, Plaintiffs filed a Complaint alleging that Defendants engaged in a scheme to submit false and fraudulent medical records, bills, and invoices through interstate wires, which sought payment for treatment

and services from an unlicensed healthcare provider. (ECF No. 1.) Plaintiffs allege that Defendants conduct violates the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) and (d), and state law.

On or about December 16, 2022, the parties entered into a good faith Settlement Agreement and Mutual Release ("Settlement"). (ECF No. 60 at Pg ID 1689.) On December 22, 2022, Defendants filed a motion to seal the entire record, which Plaintiffs consented to as part of the Settlement. (ECF No. 60.) On January 11, 2023, the Court denied Defendants' motion to seal. The matter is presently before the court on Defendants' timely motion for reconsideration—which the Court construes to be a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)—of the Court's January 11, 2023 order denying their motion to seal. For the reasons stated hereafter, the Court denies Defendants' motion.

## APPLICABLE STANDARD

Eastern District of Michigan Local Rule 7.1(h) governs motions for reconsideration and provides as follows with respect to final orders:

> (1) Final Orders and Judgments. Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). The court will not grant reconsideration of such an order or judgment under this rule.

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect;

(2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) The judgement is void;

(5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) Any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *See Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

## ANALYSIS

Defendants do not identify which subsection of the rule warrants relief; however, subsection (1) appears applicable because Defendants argument is that the Court made a mistake in what it determined to be the controlling law at the time of its prior decision. (ECF No. 62 at Pg ID 1699); *See United*

*States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)) (explaining that Rule 60(b)(1) is intended to provide relief in only two situations, including "when the judge has made a substantive mistake of law or fact . . ..").

First, Defendants maintain that Plaintiff's complaint has "zero merit" due to a recently issued Michigan Court of Appeals opinion, thus warranting the sealing of the entire record. (ECF No. 62 at Pg ID 1702 and 1704-1706.) And second, Defendants maintain that Plaintiff wrongfully named Dr. Jose and Dr. Stella Evangelista as individual defendants, thus tarnishing their reputation. (ECF No. 62 at Pg ID 1702-1703.) This, Defendant asserts, is a basis to seal the entire record, or at the very least, seal and redact the individual defendant names. (ECF No. 62 at Pg ID 1706.) The Court will address each argument in turn.

### i. Plaintiff's Complaint Has No Merit

First, the Court has not decided on the merits of Plaintiff's Complaint and is not prepared to do so in addressing a motion for reconsideration. In other words, this is an improper mechanism for such an argument. *See United States v. Gadson*, No. 18-20834, 2019 WL 3035564, at *1 (E.D. Mich. July 11, 2019) (quoting *United States v. A.F.F.*, 144 F. Supp. 2d 809, 812 (E.D. Mich. 2001) ("[A] motion for reconsideration is not an appropriate vehicle for raising new facts or arguments.") (alteration in original). Second, even if the Court did find the

Complaint to be without merit, Defendants do not cite any case law that would support a decision to seal the *entire record* based on this fact. Accordingly, this argument fails.

### ii. Defendants Were Improperly Named

Next, Defendants maintain that "Liberty wrongfully named Dr. Jose and Dr. Stella Evangelista as individual Defendants, despite having a valid corporation, and despite having no individual involvement as physicians whatsover [sic]." (ECF No. 62 at Pg ID 1703 (noting that they are "prominent" and "hard working").) Regardless, the Sixth Circuit has repeatedly held that harm to reputation does not outweigh the public's interest in access to court records. *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.,* 834 F.3d 589, 591 (6th Cir. 2016) ("Simply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access to court proceedings and records"); *Kiwewa v. Postmaster Gen. of United States*, No. 18-3807, 2019 WL 4122013, at *2 (6th Cir. Mar. 26, 2019) ("Harm to reputation is insufficient to overcome the strong presumption in favor of public access…"); *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 225 (6th Cir. 1996) ("The private litigants' interest in protecting their vanity or their commercial self-interest simply does not qualify as grounds for imposing a prior restraint. It is not even grounds for keeping the information under seal…").

As a final point, Defendants' decision to start a business and receive profits logically follows that Defendants may be subjected to lawsuits—meritless or not—regarding those business transactions: this is the cost of doing business. *See, e.g., Dr. R.C. Samanta Roy Inst. of Sci. & Tech., Inc. v. Lee Enterprises, Inc.,* No. 05 C 0423, 2006 WL 3692361, at *5 (E.D. Wis. Aug. 2, 2006) (noting that lawsuits are "part of the cost of doing business, both for the court as an institution as well as for defendants forced to defend such lawsuits."). Merely being named as a defendant in a litigation does not entitle anyone to seal an entire record absent any recognized exception. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (noting that "only the most *compelling* reasons can justify non-disclosure of judicial records.") (citation omitted).

Accordingly,

**IT IS ORDERED** that "Defendants' Motion for Consideration to Seal the Entire Record" pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED.**

**SO ORDERED.**

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: February 21, 2023